John HICKS, Plaintiff,

v.

**RESOLUTION TRUST CORPORATION** as Receiver for Clyde Federal Savings and Loan Association, Sylvia Meidema, Robert Ropa, Valerian Musselman, Nicholas Lash, Ernest Melichar, Steven Kuroski, Lydia Franz, and the Estate of Erwin Kucera, Defendants.

No. 87 C 8593.

United States District Court, N.D. Illinois, E.D.

June 13, 1991.

---

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

John Hicks filed his fourth amended complaint against Resolution Trust Corporation ("RTC"), as receiver for Clyde Federal Savings and Loan Association ("Clyde Federal"), and against several former members of the Clyde Federal board of directors, in both their individual and official capacities. The complaint alleges claims under 42 U.S.C. §§ 1985(3) and 1986 for conspiracy to violate plaintiff's civil rights (Count I), a claim under 12 U.S.C. § 1831j for violation of the Depository Institution Employee Protection Remedy ("whistle blower statute") (Count II), and a pendent state law claim for intentional infliction of emotional distress (Count III).

In ruling on defendants' motions to dismiss, the court accepts as true all well-pleaded allegations of fact set forth in plaintiff's fourth amended complaint. Plaintiff was fired after seven months of employment at Clyde Federal for informing Federal Home Loan Bank Board ("FHLBB") officials that Clyde Federal was not in compliance with the Federal Community Reinvestment Act ("CRA"), 12 U.S.C. § 2901 *et seq.* (1977). Plaintiff, a vice-president, was in charge of CRA compliance at Clyde Federal. The CRA requires lending institutions to delineate a CRA community and adopt a CRA statement. The goal of the CRA is to help meet the credit needs of local communities including low and moderate income areas. Pursuant to CRA regulations, institutions must make certain mortgages available to low and moderate income markets and advertise the availability of the mortgages. The FHLBB is empowered to promulgate certain record keeping and mechanical re-

quirements and regulate CRA activities. The FHLBB is also the investigatory branch of the CRA and conducts periodic investigations of institutions to insure CRA compliance.

On February 16, 1987, plaintiff submitted a written report to the FHLBB examiners indicating that Clyde Federal was not in compliance with the CRA. The report stated that Clyde Federal had made no specific investments in projects related to CRA compliance, that it currently was not providing VA and FHA loans, and that it advertised only in a northwest community local paper and a magazine circulated to mortgage bankers, financial institutions and persons in the real estate business. Several days later, plaintiff met with one of the CRA examiners and discussed these issues of CRA noncompliance. Plaintiff cited Clyde Federal's lack of involvement with community groups in low and moderate income areas and reported that the seminars Clyde Federal offered as community participation were not directed toward the expansion of lending activity as required by the CRA. Defendants subsequently discharged plaintiff for advising the FHLBB of Clyde Federal's failure to comply with the CRA.

Shortly after his termination in 1987, plaintiff initiated this suit against Clyde Federal and the individual defendants. On March 15, 1990, the court dismissed plaintiff's third amended complaint with prejudice. 736 F.Supp. 812. On May 23, 1990, the court vacated the dismissal and granted plaintiff leave to file a fourth amended complaint. The court limited the complaint to only one claim for violation of the federal whistle blower statute: "Plaintiff's fourth amended complaint shall include … only those facts, as indicated in this opinion, relevant to plaintiff's claim concerning his discharge in alleged violation of 12 U.S.C. § 1831j for reporting Clyde's noncompliance with the CRA to the FHLBB." *Hicks v. Resolution Trust Corp.*, 738

F.Supp. 279, 287 (N.D.Ill.1990). The order also directed plaintiff to file a copy of the fourth amended complaint with the appropriate federal banking agency pursuant to 12 U.S.C. § 1831j(b). *Id.*

Several of the individual defendants [1] have filed a motion to strike and/or dismiss with prejudice Counts I and III, plaintiff's civil rights and intentional infliction of emotional distress claims. Defendants contend that the court's May 23, 1990 order limited plaintiff's fourth amended complaint to only one claim for violation of the federal whistle blower statute. As plaintiff filed these additional civil rights and intentional infliction of emotional distress claims without seeking leave of court, defendants contend that Counts I and III should be dismissed with prejudice for plaintiff's failure to comply with the May 23, 1990 court order.

Defendant Sylvia Meidema has filed a motion to strike and dismiss plaintiff's complaint in its entirety. Defendant contends that Counts I and III fail to state claims for violation of plaintiff's civil rights and intentional infliction of emotional distress. Defendant also alleges that Count II should be dismissed against the individual defendants because the whistle blower statute only provides a remedy against a federally insured depository institution and not against its officers, directors or employees.

Defendant RTC has also filed a motion to dismiss Count II, or in the alternative for summary judgment, contending that plaintiff's conduct in providing false reports to the CRA precludes recovery under the whistle blower statute.

For the following reasons, Count I of plaintiff's fourth amended complaint is dismissed with prejudice; Count II is dismissed with prejudice as to the individual defendants; summary judgment is granted in favor of defendant RTC and against the plaintiff on Count II; Count III is dis-

---

1. The individual defendants who filed this motion to strike and/or dismiss are Robert Ropa, Valerian Musselman, Nicholas Lash, Ernest Melichar, Steven Kuroski and Lydia Franz. The estate of Erwin Kucera, a named defendant, has not participated in the present motion contending that it is not a suable entity and that it has served a written suggestion of his death on plaintiff.

missed without prejudice for lack of pendent jurisdiction.

## A. Failure to Comply with the Court's May 23, 1990 Order

Defendants argue that Counts I and III should be dismissed for plaintiff's failure to comply with the court's May 23, 1990 order. Federal Rule of Civil Procedure 41(b) provides that the court may dismiss a complaint with prejudice for plaintiff's failure to comply with any court order. Defendants contend that the May 23, 1990 order granted plaintiff permission to file a fourth amended complaint only as to the alleged whistle blower violation. Plaintiff not only filed a claim for violation of the whistle blower statute (Count II), but also filed a claim for violation of plaintiff's civil rights (Count I) and a claim for intentional infliction of emotional distress (Count III). Defendants contend that Counts I and III should be dismissed with prejudice because plaintiff filed these additional claims in contravention of the May 23, 1990 order and without seeking leave of court. Defendants note that plaintiff has had numerous opportunities to properly plead his grievances and should not be allowed to add claims at this late stage of the pleadings.

■ While it is true that plaintiff has had many opportunities to perfect his complaint, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading by "leave of court ... which shall be freely given when justice so requires". Federal Rule of Civ.Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Since the May 23, 1990 court order granted plaintiff permission to amend his complaint only as to the whistle blower violation, plaintiff should have requested leave of court to file the additional claims contained in Counts I and III. However, plaintiff's failure to do so is not fatal to his complaint since the grant or denial of an opportunity to amend is within the court's discretion. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

The Seventh Circuit has held that a complaint merely serves to put the defendant on notice and is to be freely amended as the case develops, as long as the amendments do not unfairly surprise or prejudice the defendant. *Toth v. USX Corp.*, 883 F.2d 1297 (7th Cir.1989). The claims in Counts I and III are based upon the same set of facts, as in Count II, plaintiff's claim for violation of the whistle blower statute. To allege a violation of the whistle blower statute, the plaintiff must show that the defendant, a federally insured depository institution, discharged plaintiff for providing information to any Federal banking agency or the Attorney General regarding a possible violation of any law or regulation by the defendant institution, its officers, directors or employees. In Count I, plaintiff alleges that Clyde Federal's CRA violations had the effect of discriminating against low income minorities. Plaintiff alleges that by firing him for disclosing the CRA violations, defendants could continue their practice of "redlining" and not make any mortgages to minorities. By failing to comply with the CRA and by discharging him for disclosing Clyde Federal's CRA noncompliance, plaintiff alleges that defendants conspired to violate his civil rights as well as the civil rights of low income minorities. In Count III, plaintiff alleges that as a direct and proximate result of his unlawful termination, he suffered severe emotional distress.

Counts I and III are based upon the same set of facts which the court, in its May 23, 1990 order, granted plaintiff leave to file. Plaintiff has not alleged any new facts; he has merely alleged additional theories of liability based upon the same set of facts. The court determines that the claims set forth in Counts I and III do not unfairly surprise or prejudice the defendants. Defendants' motion to strike or dismiss with prejudice is accordingly denied.

## B. Count I

Defendants argue that this court should dismiss Count I since plaintiff is not a member of a suspect class or a discreet and insular minority and thus is not entitled to relief under 42 U.S.C. §§ 1985(3) and 1986. Plaintiff contends that under *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790,

29 L.Ed.2d 338 (1971), sections 1985(3) and 1986 only require plaintiff to allege that a federally secured right has been invaded by the defendants, that defendants conspired to deprive plaintiff of his rights, and that the defendants' actions were motivated by a class-based invidiously discriminatory motive.

### 1. 42 U.S.C. § 1985(3)

Assuming arguendo that plaintiff has pled facts setting forth the first two elements of the test enumerated in *Griffin,* the court must determine whether plaintiff has alleged facts indicating that defendants' actions were motivated by a class-based invidiously discriminatory motive. Plaintiff contends that he was fired because the defendants did not want Clyde Federal to lend money to blacks and other minorities who lived in low and moderate income areas of its CRA community. Plaintiff concludes, citing *Lapin v. Taylor,* 475 F.Supp. 446 (D.Hawaii 1979), that whistle blowers are a class which should be afforded special civil rights protection.

■ The court determines that *Lapin* is not the law of this Circuit and declines to read section 1985(3) to reach conspiracies against whistle blowers. Whistle blowers do not qualify as a class afforded section 1985(3) protection because they do not possess characteristics comparable to those discrete and insular minorities granted section 1985(3) protection because of race, national origin or gender. *Deubert v. Gulf Federal Savings Bank,* 820 F.2d 754, 756–757 (5th Cir.1987); *Buschi v. Kirven,* 775 F.2d 1240, 1258 (4th Cir.1985); *Pope v. Bond,* 641 F.Supp. 489, 499 (D.D.C.1986). Plaintiff further lacks standing to bring a section 1985(3) claim on behalf of blacks and other minorities living in low income areas within Clyde Federal's CRA community. Assuming these individuals constitute a discrete and insular minority, plaintiff is neither a member of the class nor is he being discriminated against because of a class-based invidiously discriminatory motive. Plaintiff's section 1985(3) claim is accordingly dismissed.

### 2. 42 U.S.C. § 1986

■ Count I also alleges a violation of 42 U.S.C. § 1986. Section 1986 provides a cause of action against "[e]very person who, having knowledge that any of the wrongs in section 1985 ... are about to be committed, and having power to prevent or aid ... neglects or refuses to do so." 42 U.S.C. § 1986. A section 1986 claim for neglect to prevent a known conspiracy does not exist in the absence of a conspiracy under section 1985. *Santistevan v. Loveridge,* 732 F.2d 116, 118 (10th Cir.1984). Since no viable claim exists under Section 1985, plaintiff has no claim under Section 1986. Defendants' motion to dismiss plaintiff's Section 1986 claim is therefore granted.

### 3. 12 U.S.C. § 1833a, 18 U.S.C. §§ 1001, 1006 and 1008

■ Plaintiff also seeks damages in Count I of his fourth amended complaint pursuant to 12 U.S.C. § 1833a and 18 U.S.C. §§ 1001, 1006 and 1008. However, plaintiff lacks standing to bring an action under 12 U.S.C. § 1833a. Any civil action to recover a civil penalty under 12 U.S.C. § 1831a must be commenced by the Attorney General. 12 U.S.C. § 1833d. Plaintiff alleges violations of 18 U.S.C. §§ 1001, 1006 and 1008 which provide for the imposition of criminal penalties. Plaintiff may not bring and prosecute a criminal proceeding. Count I of plaintiff's fourth amended complaint is accordingly dismissed.

### C. Count II: 12 U.S.C. § 1831j

#### 1. The Individual Defendants

■ The individual defendants have moved to dismiss count II alleging that the whistle blower statute does not apply to individual officers or directors. The plain language of the statute supports defendants' contention. The whistle blower statute provides that a "federally insured depository institution" may not discharge or otherwise discriminate against employees based upon their conduct in providing information to banking agencies. 12 U.S.C. § 1831j(a). The remedies enumerated in the whistle blower statute permit the court

to "order the depository institution which committed the violation" to reinstate the employee, pay compensatory damages or otherwise act to remedy any past discrimination. 12 U.S.C. § 1831j(c). Furthermore, 12 U.S.C. § 1813 defines the terms used in the whistle blower statute eliminating the need for further statutory interpretation. Depository institutions consist of any bank or savings association, 12 U.S.C. § 1813(c)(1), while an institution-affiliated party includes the directors, officers, employees or controlling stockholders for an insured depository institution. 12 U.S.C. § 1813(u). Since the whistle blower statute provides plaintiff with a remedy only against the depository institution and not against the institution's directors, officers employees or controlling stockholders, Count II will be dismissed as to the individual defendants in both their official and individual capacities, including the estate of Erwin Kucera.

### 2. RTC

#### a. *12 U.S.C. § 1831j(b)*

■ RTC has moved to dismiss the whistle blower claim alleging that plaintiff, by failing to file his fourth amended complaint with the Office of Thrift Supervision, has not complied with the court's May. 23, 1990 order. The court ordered plaintiff to file a copy of his fourth amended complaint with the appropriate federal banking agency pursuant to 12 U.S.C. § 1831j(b). *Hicks v. Resolution Trust Corp.*, 738 F.Supp. 279, 287 (N.D.Ill.1990). On June 8, 1990, plaintiff filed his complaint with the Federal Deposit Insurance Corporation which is the appropriate federal banking agency for "a State nonmember insured bank" under 12 U.S.C. § 1813(q)(3). However, the court finds that Clyde Federal Savings and Loan was a savings association or savings and loan holding company within the statutory definition, 12 U.S.C. § 1813(q)(4), for which the Director of the Office of Thrift Supervision is the appropriate federal banking agency.

The purpose of the filing required in 12 U.S.C. § 1831j(b) is to notify the federal banking agency so that it can be apprised of possible discrimination claims against its institutions. Since the filing requirement is merely a monitoring device, plaintiff's failure to file with the appropriate federal banking agency is not fatal to his claim. Defendant's motion to dismiss for failure to comply with the court's order is denied.

#### b. *12 U.S.C. § 1831j(d)*

■ RTC has also moved to dismiss, or in the alternative, for summary judgment as to count II, plaintiff's whistle blower claim. RTC contends that plaintiff's conduct in providing a false report to the CRA falls within the exclusion to the whistle blower statute, which precludes individuals who participate in the alleged violation from recovery under the statute. Plaintiff admits that he signed a memo stating that Clyde Federal was in compliance with the CRA and that he submitted the memo to the FHLBB voluntarily and with knowledge of its falsity. (Plaintiff's Answer to Supplemental Interrogatories, Answer No. 2., subsections (g) through (i)).

The whistle blower statute applies when an individual is fired for providing information regarding a "possible violation" of any law or regulation. 12 U.S.C. § 1831j(a). Plaintiff need not show that he was fired because he reported an actual violation. All plaintiff must show is that he reported a possible violation. *Id.* However, subsection (d)(1) strips the protection of this statute from the individual who "participates in the alleged violation". 12 U.S.C. § 1831j(d)(1). Further, subsection (d)(2) provides that an individual who "knowingly or recklessly provides substantially false information" shall not be covered by the statute. 12 U.S.C. § 1831j(d)(2). The plain language of the statute therefore excludes from recovery those who participate in supplying false information to the agencies.

On or about February 16, 1987, plaintiff, as Clyde Federal's CRA compliance officer, signed and submitted a "Nondiscrimination Questionnaire" to the FHLBB. The completed questionnaire indicated Clyde Federal's CRA compliance as follows:

3.  Are there neighborhoods or areas within the association's effective

lending territory in which the association makes dwelling loans on more restrictive terms?  No.

4. Are there neighborhoods or areas within the association's effective lending territory in which the association does not make dwelling loans? No.

\*    \*    \*    \*    \*    \*

8. Do the employees of the association generally reflect the minority composition of the areas in which the association's offices are located?  Yes. (Exhibit E to defendant's motion for summary judgment, plaintiff's deposition exhibit # 15).

Plaintiff admits in his Answer to Supplemental Interrogatories that he signed and submitted a memo to the FHLBB auditors indicating that Clyde Federal was in compliance with the CRA.  Plaintiff further admits that at the time he submitted the memo to the FHLBB auditors, he had knowledge that Clyde Federal was not in CRA compliance.  (Plaintiff's Answer to Supplemental Interrogatories, Answer No. 2., subsections (g) through (i)).

No question of fact exists as to plaintiff's participation in the alleged violation of the whistle blower statute.  Plaintiff's conduct in making the false report falls squarely within § 1831j(d)(1) and therefore excludes him from recovery under the statute.  Summary judgment is accordingly granted in favor of defendant RTC and against plaintiff John Hicks on Count II of plaintiff's fourth amended complaint.  Defendant's request for costs is denied.

### D.  Count III

 Count III, plaintiff's state law claim for intentional infliction of emotional distress, is the only claim remaining in plaintiff's fourth amended complaint. When a "claim giving rise to federal jurisdiction drops out of the case, any remaining state-law claims are normally dismissed without prejudice ... or remanded to state court".  *Marzuki v. A T & T Technologies, Inc.*, 878 F.2d 203, 206–07, n. 3 (7th Cir. 1989).  Since Counts I and II are the only basis for federal jurisdiction, plaintiff's

state law claim for intentional infliction of emotional distress is dismissed without prejudice for lack of pendent jurisdiction.

ORDERED: Count I of plaintiff's fourth amended complaint is dismissed with prejudice.  Count II is also dismissed with prejudice as to the individual defendants, Sylvia Meidema, Robert Ropa, Valerian Musselman, Nicholas Lash, Ernest Melichar, Steven Kuroski, Lydia Franz and the Estate of Erwin Kucera.  Summary Judgment is also granted for defendant RTC and against plaintiff John Hicks on Count II.  Count III is dismissed without prejudice for lack of pendent jurisdiction.  Defendant RTC's request for costs is denied.  The Clerk of the Court is directed to enter judgment on a separate document pursuant to FRCP 58.