United States Court of Appeals,

Fifth Circuit.

No. 95-10027

Summary Calendar.

Cheryl D. McCLELLON, Plaintiff-Appellant,

v.

LONE STAR GAS COMPANY, Defendant-Appellee.

Oct. 11, 1995.

Appeal from United States District Court from the Northern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Cheryl D. McClellon appeals the district court judgment dismissing her complaint with prejudice. The issue presented herein is whether the appellant's amended complaint filed on June 29, 1994 related back to the deficient complaint filed on May 27, 1994, within the 90 day period provided in 42 U.S.C. § 2000e-5(F)(1) for filing an appeal after issuance of an Equal Employment Opportunity Commission ("EEOC") determination letter. We find that the amended complaint did relate back to the deficient complaint. For this reason, we reverse the district court's judgment which dismissed her claim as untimely filed.

FACTS

On February 28, 1994, the EEOC issued a determination letter which notified the claimant, Cheryl D. McClellon, that she had 90 days to file suit in federal district court against her former employer, Lone Star Gas. On May 27, 1994, the clerk for the

1

Northern District of Texas received a pro se document from McClellon, which purported to be a complaint. The document indicated that McClellon had not filed a claim in any other jurisdiction, that she was denied the opportunity to return to work after her doctor discharged her regarding a work-related injury, and that she desired monetary compensation. On the same day, the clerk also received McClellon's Motion for the Appointment of Counsel and Declaration in Support of Request for the Court to Appoint Counsel, both of which appear to be in proper form.

Although stamped by the clerk's office "May 27, 1994," the purported complaint apparently was not considered as "filed" because it did not satisfy the requirements of Federal Rule of Civil Procedure 8. In a letter dated May 31, 1994, the magistrate judge stated as follows:

> We are in receipt of your complaint against Lone Star Gas. [sic] Co. You must submit a complaint in conformity with Rule 8, Federal Rules of Civil Procedure, a copy of which is enclosed. Your complaint must set forth every event that happened leading up to your injury and what was said to you and by whom when you tried to return to work. You must state what amount you are seeking in compensation.
>
> After you have completed your complaint, you should return it to the undersigned.

The record contains another document which purports to be a complaint, dated May 21, 1994, which was received June 22, 1994 and filed June 29, 1994.

The magistrate judge granted McClellon permission to proceed in forma pauperis and issued interrogatories to her on June 29, 1994. On July 15, 1994, McClellon responded to these interrogatories by filing a copy of her EEOC Form 5 which set forth

2

her charge of discrimination, the affidavit in support of this charge, recommendation of the EEOC investigator, and the EEOC determination letter. On July 20, 1994, the magistrate judge ordered the clerk to issue a summons to Lone Star Gas in this action, and referred the matter to the district court for any further proceedings.

The defendant, ENSERCH d/b/a Lone Star Gas Company, filed a motion to dismiss McClellon's case under rule 12 of the Federal Rules of Civil Procedure for failure to timely file suit within the 90 day period, for lack of subject matter jurisdiction, and for failure to state a claim. McClellon opposed, but did not file a response to, the motion to dismiss. The district court agreed that the complaint was filed outside the 90 day period and dismissed, with prejudice, the June 29, 1994 complaint.

McClellon appeals, asserting that she filed her complaint on May 27, 1994, within the applicable 90 day period; that the clerk may not refuse to file a document solely because it is not in proper form and there had been no order to strike the May 27, 1994 filing, therefore the June 22, 1994 "amended complaint" relates back to that filing; and that she is entitled to equitable tolling of the statute from the clerk's receipt of the May 27, 1994 complaint and a motion to appoint counsel. We agree that McClellon's amended complaint relates back to the May 27, 1994 filing and reverse the district court's judgment.

DISCUSSION

We note at the outset that although McClellon makes four

3

different arguments for the reversal of the district court judgment, none of these arguments were presented to the district court. Generally, appellate courts will not consider issues not urged in the district court except when the failure to do so would result in grave injustice. *In re Goff,* 812 F.2d 931, 933 (5th Cir.1987); *see also Yohev v. Collins,* 985 F.2d 222, 225 (5th Cir.1993) (holding that as a general rule issues not raised in the district court are not considered for the first time on appeal); *Johns v. Louisiana Bd. of Trustees for State Colleges & Univ.,* 757 F.2d 698, 710 (5th Cir.1985) (holding that a non-movant cannot attack summary judgment on appeal by raising issues that were not before the district court). Although this rule applies to pro se plaintiffs, *see Yohev v. Collins,* 985 F.2d 222, 285 (5th Cir.1993), we are convinced that grave injustice will occur if we do not consider the arguments raised by McClellon.

A. *RULE 5(e) FILINGS*

McClellon argues that the clerk of court violated rule 5(e) of the Federal Rules of Civil Procedure by refusing to accept McClellon's complaint. Although Lone Star Gas completely ignores this argument, we will address it because the district court apparently assumed that the May 27 complaint had not been accepted as "filed." Without giving credence to the May 27 complaint McClellon placed in the clerk of court's custody, the district court held: "Plaintiff did not file this action until June 29, 1994, outside of the 90 day period."

Rule 5(e) provides that "[t]he clerk shall not refuse to

accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."[1]  Rule 5(e) on its face mandates that the clerk accept pleadings for filing even when the pleading technically does not conform with form requirements of the Federal Rules of Civil Procedure or local rules.  Rule 5(e), by using the word "shall," removes from the clerk of court any discretion in the decision to accept a technically deficient pleading.

---

[1]Our research has unearthed no federal case law addressing the applicability of rule 5(e) when the clerk of court rejects pleadings that fail to conform with pleading requirements of the Federal Rules of Civil Procedure.  However, cases discussing rejection based upon the lack of conformity with local rules are persuasive because obstruction based on nonconformity infringes the same policy considerations whether federal or local rules disqualify a pleading. *See Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir.1987) (where the clerk erroneously rejected the complaint filed with an application for in forma pauperis rather than the filing fee, the appellate court noted that the plaintiff in an employee discrimination case initiated proceedings within the 90 day period because the complaint was regarded as "filed" when placed in the custody of the clerk within the statutory period although it failed to comply with form requirements); *Cintron v. Union Pacific R. Co.,* 813 F.2d 917, 920-21 (9th Cir.1987) (holding that appellant constructively filed his complaint when he delivered it to the clerk of court although he was not in compliance with local rules because he did not punch two holes at the top of the pleading and did not submit a civil cover sheet or in compliance with federal rules because he overpaid the filing fee); *Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280 (9th Cir.1983) (where the clerk rejected the plaintiff's timely presented complaint because it was typed on 81/2 by 13 paper instead of 81/2 by 11 paper, the appellate court commented:  "This was error.  A copy of the complaint arrived in the hands of the Clerk within the statutory period. To uphold the Clerk's rejection of it would be to elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping; the district court should regard as "filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules").

5

The Advisory Committee notes regarding the 1991 amendment to rule 5(e) expressly delegates to the court the task of eliminating insufficient pleadings: "This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; ... [t]he enforcement of these rules and of the local rules *is a role for a judicial officer.*" (emphasis added). The judicial officer may order the party to correct the defect or order the pleading stricken if warranted under the circumstances. *Accord Transamerica Corp. v. Nat'l Union Fire Ins.* 143 F.R.D. 189, 191 (N.D.Ill.1992) (concluding that rule 5(e) did not void a local rule authorizing the judge to strike insufficient pleadings because "the Advisory Committee contemplated that a judicial officer would strike nonconforming documents when appropriate.") Accordingly, the clerk does not possess the power to reject a pleading for lack of conformity with form requirements, and a pleading is considered filed when placed in the possession of the clerk of the court.

McClellon's complaint did not contain the elements enumerated in rule 8. Although McClellon used key words which a lay man reasonably could believe satisfied rule 8, the pleading was devoid of the essential elements of a complaint. It did not establish the grounds for the federal district court's jurisdiction, did not clearly state that McClellon was entitled to relief, and did not specify the amount of relief desired. The complaint read as follows:

*Complaint*

6

> The Claim has not been file[d] in [any] other jurisdiction.

*Complaint*

> I have been denied the opportunity to return to work after being released from the doctor from an on-the-job injury.

*Demand*

> Monetary Compensation.

Nonetheless, in spite of the deficiencies presented, the clerk of court had a duty to accept the pleading as filed. Rule 5(e) usurped the clerk of court's ability to choose to reject or accept McClellon's complaint. Consequently, McClellon's complaint should have been considered "filed" until such time that the court ordered the clerk of court to strike the pleading from the record, which never occurred in the instant case.

Our review has not uncovered an order striking McClellon's May 27 complaint. The magistrate judge sent a letter clarifying the details which McClellon needed to add to her complaint. The magistrate's letter neither stated nor suggested that McClellon's May 27 complaint had been stricken. We hold that in the absence of specific instructions from a "judicial officer," the clerk of court lacks authority to refuse or to strike a pleading presented for filing. Therefore, we further hold that McClellon filed her complaint on May 27, well within the 90 day statutory period.

B. *RELATION BACK UNDER RULE 15(c)*

Although we find that McClellon filed her complaint on May 27, it obviously did not conform with the pleading requirements of rule 8. Accordingly, we must determine whether the amended complaint filed on June 29 related back to the May 27 complaint

7

under rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) provides that "[a]n [a]mendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or *attempted to be set forth in the original pleading*[.]" (emphasis added). Amendments that correct technical deficiencies in a pleading or serve to expand the facts alleged in the original pleading satisfy the relation back requirements of rule 15(c). 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 1497 at 74 (2d Ed.1990); *see also United States ex. rel. Canion v. Randall & Blake,* 817 F.2d 1188, 1191 (5th Cir.1987). Similarly, if an amendment simply restates with greater particularity or amplifies the details of the complaint, then the amendment qualifies as information that the complainant "attempted to set forth." *See* 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 1497 at 76. Further, amendments designed to correct the statement of jurisdiction satisfy rule 15(c) and will relate back. *Id.* at 80-82.

McClellon's original complaint of May 27 "attempted to set forth" the requisite information regarding jurisdiction and relief for her employment discrimination claim. In the May 27 complaint, she attempted to show her entitlement to relief by stating that her employer refused to allow her to continue working after her discharge from the doctor, and she requested "monetary relief" because of her employer's actions. In the amended complaint (which

8

admittedly still requires a more definite statement under rule 8), McClellon specifies that her employer discriminated against her by refusing to accommodate her with light duty work as ordered by her doctor upon discharging her. In the amended complaint McClellon expressly demands $600,000 in damages. It is apparent that the conduct, transaction, or occurrence that is the subject of McClellon's May 27 complaint evolves around actions by her employer which prevented her from returning to work after treatment for a disabling, on-the-job injury. The June 29 complaint merely amplifies the details surrounding her injury and her employer's refusal to permit her to work according to the doctor's instructions. McClellon's amended complaint does not allege anything new or attempt to add any new defendants. An obvious nexus therefore exists between the jurisdiction and relief McClellon "attempted to set forth" in the May 27 complaint and the jurisdiction and relief actually set forth in the amended complaint filed June 29.

We therefore hold that an amended complaint filed to cure rule 8 pleading deficiencies relates back to the filing date of the original, *albeit* deficient, complaint when the amended complaint properly pleads what the party "attempted to set forth" in the original complaint. This finding is even more compelling in light of McClellon's "pro se status and liberality accorded the pleadings of such parties." *See Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1303 (5th Cir.1995). Thus, McClellon's June 29 complaint related back to her May 27 complaint and was timely filed within

9

the 90 day period.

Accordingly, the district court erred in dismissing McClellon's complaint. The court should freely give a complainant, especially a pro se complainant, leave to amend defective allegations in a pleading. *See Watkins v. Lujan,* 922 F.2d 261, 264 (5th Cir.1991). Thus, the appropriate remedy when granting a motion based on nonconforming or deficient pleadings is to grant the complainant time within which to amend the complaint. If the complainant fails to amend the complaint, the district court may then strike the pleading or dismiss the case. *See* Fed.R.Civ.P. 12(e); and *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 134 (5th Cir.1959) (Hutchenson, J., dissenting).

We express no opinion on either the merits of the case, or on the other basis upon which McClellon sought reversal or upon which Lone Star Gas requested dismissal of the complaint.

## CONCLUSION

For the foregoing reasons, the district court judgment is REVERSED, and McClellon is granted ten days within which to amend her complaint.

REVERSED WITH INSTRUCTIONS.