United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30305

UNITED STATES OF AMERICA, EX REL, PAUL G. MATHEWS,

Plaintiff - Appellant,

VERSUS

HEALTHSOUTH CORP.,

Defendant - Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

Before BENAVIDES and DENNIS, Circuit Judges, and WALTER[*], District
Judge.

DENNIS, Circuit Judge:

Plaintiff-appellant Paul G. Mathews appeals the district
court's dismissal of his state-law age discrimination claim against
defendant-appellee HealthSouth Corp. ("HealthSouth") on statute of
limitations grounds. Because Mathews did not commence this claim
within one year of his resignation from HealthSouth, we AFFIRM the

---

[*]Senior District Judge of the Western District of Louisiana,
sitting by designation.

1

district court's decision.

## I.  Background

Mathews had been employed by Continental Medical Systems, Inc. ("Continental") as the Chief Executive Officer of Central Louisiana Rehabilitation Hospital since February 1996.  In October 1997, HealthSouth acquired Continental, including Central Louisiana Rehabilitation Hospital.  Mathews alleges that HealthSouth forced him to resign from his position on August 4, 1998.

On April 1, 1999, Mathews filed a *qui tam* action in the Western District of Louisiana against HealthSouth under seal pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and on June 22, 1999, he filed his First Supplemental and Restated Complaint further developing his FCA claim.  This claim alleged that HealthSouth was engaged in a fraudulent scheme to submit false Medicare claims.

On August 2, 1999, Mathews delivered to the district court a Second Supplemental Amended and Restated Complaint, but failed to request leave of court.  This amended complaint added state law claims for wrongful termination and age discrimination.  The wrongful termination claim was related to the original FCA claim. It alleged that HealthSouth forced Mathews to resign when he refused to participate in the scheme described in his original complaint.  But Mathews's age discrimination claim had no factual

2

relationship to his initial allegations because it claimed that Mathews was forced to resign so that HealthSouth could hire a younger replacement.

On August 5, 1999, the clerk of court issued a deficiency notice to Mathews noting the failure to request leave. On August 9, 1999, the plaintiff re-delivered the amended complaint to the court with a request for leave of court to file this pleading. The court granted the request the same day.

Because the FCA claim was a *qui tam* action, Mathews could proceed against HealthSouth on behalf of the United States if the United States declined to intervene. On February 29, 2000, the United States did decline to intervene, and Mathews served HealthSouth with all three complaints. After being served, HealthSouth filed a motion seeking dismissal of Mathews's three claims. On October 12, 2000, the district court: (1) dismissed the FCA claim without prejudice because Mathews failed to plead fraud with particularity; (2) dismissed the age discrimination claim because it was barred by the statute of limitations; but (3) allowed the wrongful termination claim to proceed because the facts and circumstances of this claim related back to the original complaint, and thus was timely. After the parties settled the wrongful termination claim, Mathews appealed the district court's dismissal of his age discrimination claim.

## II. Analysis

3

We review *de novo* the district court's dismissal of Mathews's age discrimination claim on statute of limitations grounds. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). The plaintiff's charge of age discrimination is a diversity claim based on Louisiana law. Therefore, Louisiana law will determine the applicable statute of limitations and whether the limitations period has been tolled. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145-46 (5th Cir. 1997). Under Louisiana law, delictual actions have a prescriptive period of one year from the date of the injury. La. Civ. Code art. 3492. If a plaintiff "commences action" against a defendant within one year of the date of his injury, then his claim will be timely.[1] *Id.* art. 3462. Here, the date of the injury was August 4, 1998, when Mathews alleges he was forced to resign. Therefore, he needed to commence his age discrimination claim by August 4, 1999.[2]

Both parties acknowledge that the federal procedural rules determine when an action commences in federal court. However, the

---

[1]    The claim must also be commenced in a court of competent jurisdiction and venue. La. Civ. Code art. 3462. It is undisputed that the Western District of Louisiana has diversity jurisdiction and is a proper venue for this claim.

[2]    Because this claim is factually distinct from the FCA claim, Mathews does not argue on appeal that the claim relates back to either of the earlier complaints. If the claim had related back to the earlier complaints, it would be timely filed because the initial two complaints were filed before August 4, 1999.

parties disagree as to which federal rules apply.  HealthSouth argues that Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") is the relevant rule for amending pleadings, including amended complaints.  Rule 15(a) provides: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Therefore, under FRCP Rule 15(a), Mathews was required to request leave of court before he could file his second amended complaint.

HealthSouth further contends that if leave is required, then an amended complaint has no legal effect until the court grants leave to file it.  Professors Charles Alan Wright and Arthur R. Miller aptly summarize the law with respect to amended pleadings filed without leave of court:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.  However, some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.

6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1484, at 601 (1990); *see also Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538 (11th Cir. 1988).  Therefore, HealthSouth maintains that Mathews's

second amended complaint had no legal effect until the court granted Mathews permission to file it on August 9.  It further contends that the exception described by Professors Wright and Miller, which gives legal effect to amended pleadings without leave if there is no prejudice to the opposing party, is not applicable here because the loss of the affirmative defense of statute of limitations would prejudice HealthSouth.  Therefore, it argues that the age discrimination claim was not timely commenced and is barred by the statute of limitations.

Mathews counters that FRCP Rules 3 and 5(e), not Rule 15(a), determine when an action is commenced in federal court.  Rule 3 states: "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Rule 5(e) provides: "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court ....  The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form."  Fed. R. Civ. P. 5(e).  A pleading, including a complaint, is considered filed when placed in the possession of the clerk of court. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995); *see also* 4B WRIGHT ET AL. § 1153, at 471 (2002) ("The original complaint [is] considered filed when ... placed in the possession of the clerk of the district court, which simply means delivery to the appropriate

6

office of the courthouse"); 4 WRIGHT ET AL., § 1052, at 219-22 ("Filing a complaint requires nothing more that the delivery of the document to a court officer authorized to receive it."). Therefore, Mathews maintains that his second amended complaint was filed when it was delivered to the court on August 2.

In *McClellon v. Lone Star Gas Co.*, a *pro se* plaintiff filed a procedurally deficient original complaint with the district court within the ninety-day period for appealing an EEOC determination. 66 F.3d at 100. The clerk of court issued a deficiency notice, and the plaintiff submitted a satisfactory complaint after the applicable ninety-day period. *Id.* This court held that under FRCP Rule 5(e), a technically deficient pleading is still considered "filed" when it is placed in the possession of the court. Mathews contends that we are bound by *McClellon* because the failure to request leave of court merely made the amended complaint technically deficient. Thus, the complaint was filed for purposes of the statute of limitations on August 2, when it was delivered to the court, not on August 9, when it was corrected.

We disagree. First, *McClellon* does not control here because it concerns the filing of an original complaint, not an amended one. As the more specific rule with respect to amended pleadings, Rule 15(a), not Rule 5(e) governs. *See Landmark Land Co. v. Office of Thrift Supervision*, 948 F.2d 910, 912 (5th Cir. 1991) ("[A]

7

specific provision controls over one of more general application."). Under Rule 15(a), Mathews needed permission before his amended complaint could be filed, which he did not have on August 2. Second, failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period.

In addition, this lack of legal effect would not be alleviated by the exception discussed by Professors Wright and Miller. This exception is limited to situations in which the plaintiff could still re-file the complaint without prejudicing another party. For example, in *Hicks v. Resolution Trust Corp.*, 767 F.Supp. 167, 170 (N.D. Ill. 1991), the court considered the amended complaint filed even though the plaintiff never requested leave because the complaint "merely alleged additional theories of liability based on the same set of facts," which the court would have allowed the plaintiff to re-file. But it was more procedurally expedient to consider the complaint filed than to strike the amended complaint and then grant leave to file another complaint that raised the exact same issues. And more important, the parties would be in the same position regardless of which procedure the court used. Similarly, in *Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 9 (M.D. Penn. 1980), an amended complaint alleging a new cause of action

was deemed filed without a request for leave because the claim was not yet barred by the statute of limitations. Therefore, this claim could also have been re-filed without affecting the rights of the parties. In both cases, the amended complaint was considered filed because leave would have been granted had it been sought and no party would have been prejudiced if the formal requirements of requesting leave were bypassed.

But that is not the situation here because HealthSouth would have been prejudiced if the court did not follow the formal requirements of Rule 15(a). Although it is true that upon re-filing leave would have been granted (as it was a week later), the loss of the affirmative defense of prescription would prejudicially affect HealthSouth. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002)(holding that the loss of a statute of limitations defense prejudices a defendant); *Phillips v. Ill. Central Gulf R.R.*, 874 F.2d 984, 987-88 (5th Cir. 1989)(holding that the loss of a statute of limitations defense constitutes clear legal prejudice). Thus, this exception does not apply and the amended complaint could not have been filed until leave of court was granted on August 9. Because Mathews's age discrimination claim was not commenced until that date, it is barred by the statute of limitations.

## III. Conclusion

9

For the foregoing reasons, we AFFIRM the district court's decision dismissing his age discrimination claim.