DAVIS, Circuit Judge,
dissenting:
Not least because I am confident that Chief District Judge Sharon Lovelace Blackburn of the United States District Court for the Northern District of Alabama could not remotely have believed, when she dismissed Appellants’ Title VII claims in lieu of transferring venue to the Eastern District of Virginia, that these Appellants would arrive at the Fourth Circuit only to find the courthouse door locked, I respectfully dissent.
The majority ignores the compelling facts of this case and principally relies on outside circuit authority that is not on point to reach a fundamentally unfair result.
First, the majority unfairly takes the Appellants and their counsel to task for filing their Title VII claims in the Northern District of Alabama, suggesting that the outcome is justified here because of their own inaction. The majority suggests the Appellants’ consent to severance was a “recognition of] the potential statute of limitations problems,” Maj. Op. at 327-28, 332-33, but fails to mention that the Appellants only consented to severance because of the original (senior district) judge’s “standing instruction against assignment of any case with Rule 23 allegations.” J.A. 257. Indeed, in the consent to severance, they argued that venue was proper in the Northern District of Alabama.
Perhaps more problematic, the majority emphasizes that the district court “signaled]” to the Appellants “about their need to file in the proper district,” Maj. Op. at 328, as if the signalling had the legal effect of a final decision on the matter.[1] . The Appellants, however, did not know at that point that venue was “improper” in the Northern District of Alabama and cannot be faulted for failing to act on the judge’s mere passing comments during the hearing. Moreover, counsel had to know, and it seems they did know,[2] *334 that the district court at this point could have, and should have, transferred the Title VII claims. See 28 U.S.C. §§ 1404(a), 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); see also J.A. 517 (district judge in the Eastern District of Virginia noting that the Court’s analysis in Goldlawr “could perhaps have been employed” to justify granting the motion and then transferring). And furthermore, the majority seems to believe that most of the Appellants’ claims could have been “saved” at this point by filing elsewhere. See Maj. Op. at 328 (“[Ojnly 76 days had passed since the EEOC issued the April 24 right-to-sue letters.”). The majority turns a blind eye to the whole truth: Only two named plaintiffs received the April 24 right-to sue letters; more than 90 days had passed since 29 of the named plaintiffs had received the right-to-sue letters.
Second, the majority conveniently omits important facts that show the fundamental unfairness of the result it reaches. The Appellants did not engage in delay or unwisely “gamble” on their claims by engaging in baseless litigation in the Northern District of Alabama. Maj. Op. at 332-33 (quoting J.A. 519). Rather, they had a sound legal basis for their belief that venue was proper for the Title VII claims in the Northern District of Alabama. They asserted that under Title VII each named plaintiff did not need to independently show venue was properly laid in the district; rather, it was enough for at least one named plaintiff to be properly venued. See Appellants’ Br. 40. They also asserted that they could rely on venue being proper for six of the named plaintiffs, or “class representatives,” J.A. 371, while the remaining non-Alabama named plaintiffs could remain as class members until the court decided whether there would be a class. See Appellants’ Br. 40. They also relied on a pendent venue argument. See id. Chief Judge Blackburn rejected these arguments, but not on the basis of well-established Eleventh Circuit precedent.[3] Rather, she relied on an unpublished Eleventh Circuit case,[4] district court cases from other circuits, and the doctrine of judicial estoppel. Moreover, as the Appellants point out in their brief, “in an identical case,” a district judge in the Northern District of Alabama had ruled “that out-of-state Store Managers for a rival dollar store chaing [sic] could bring their Title VII claims in the same district as their *335 parallel EPA claims.” Appellants’ Br. 36-87 (citing Colvert v. Dolgencorp, Inc., Order, No. 2:06-cv-465-veh (N.D.Ala. Nov. 30, 2007)). Thus, despite having a legal foundation for filing in the Northern District of Alabama, because Chief Judge Blackburn denied their motion to amend and failed to transfer their claims, even though Appellants filed the instant complaint the very next day in the Eastern District of Virginia, Appellants have been denied their deserved day in court. This is unconscionable.
Third, the majority compounds this fundamental injustice by relying principally on outside circuit authority, which is not on point, instead of more compelling reasoning behind cases cited by the Appellants, which are entirely consistent with the letter and the spirit of the Federal Rules of Civil Procedure and the purpose of statutes of limitations generally.[5] The majority relies principally on U.S. ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293 (5th Cir.2003), which concerned the requirement under Rule 15 to request leave of the court before filing an amended complaint. There, the plaintiff only ever properly filed the correct documents, a motion requesting leave to amend and the amended complaint, after the limitations period had run. Id. at 295. Thus, the court had no need to address whether, as here, the limitations period is tolled where a party moves for leave to file the amended complaint when the claims are timely but the motion for leave is not granted.
The cases relied on by the Appellants, which the majority rejects, are also admittedly not directly on point, but are more consistent with the purpose behind the rules of civil procedure and limitations periods generally. As the majority notes, courts have generally concluded that, when a motion for leave to amend is later granted, the amended complaint is deemed timely even if the court’s permission is granted after the limitations period ends. At least one of the underlying reasons justifying this result is that plaintiffs “ha[ve] no control over when a court renders its decision regarding the proposed amended complaint.” Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir.1993); see also Sellers v. Butler, No. 02-3055-DJW, 2007 WL 2042513, at *12 (D.Kan. July 12, 2007) (“To hold otherwise would punish the plaintiff for the Court’s unavoidable delay in issuing the order granting leave to amend the complaint.”). This fairness concern applies equally where the motion for leave to amend is granted as where it is denied; indeed, the concern is heightened where the motion is ultimately denied. It is particularly apt here.
Allowing tolling under this rule is more consistent with the policies behind the Federal Rules of Civil Procedure. Rule 1, which “governs all the rest,” Aikens v. Ingram, 652 F.3d 496, 519 (4th Cir.2011) (King, J., dissenting), provides that the Federal Rules of Civil Procedure “should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.” The Appellants’ decision to amend their complaint to add their parallel Title VII claims to the pending EPA claims in the Northern District of Alabama is wholly consistent with this rule. It was also consistent with Rule 23, which “permits and encourages class members to rely on the named plaintiffs to press their claims” and to avoid a “needless multiplicity of actions,” Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 351-53, 103 S.Ct. 2392, 76 *336 L.Ed.2d 628 (1988), and Rule 15, which is to be applied liberally to ensure “that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits,” Wright et al., Federal Practice and Procedure § 1473 (3d ed.2010). Furthermore, the defendants had notice and would not have been prejudiced in any fashion by allowing the case to proceed to the merits.[6] See Crown, Cork & Seal, 462 U.S. at 352, 103 S.Ct. 2392 (“Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights....”). The majority’s ruling contorts the purposes of these rules by encouraging multiple filings in multiple courts, deterring similar plaintiffs in collective actions from bringing parallel claims, and ensuring that this case is not decided on the merits.[7]
At the end of the day, I am confident that if Chief Judge Blackburn had any inkling whatsoever that in dismissing rather than transferring this action, she would foreclose further proceedings, she would take it all back. I would act on that confidence and reverse the order dismissing this case and remand for further proceedings.[8]
Respectfully, I dissent.

. I am quite uncertain what to make of the majority's observation that Appellants "[f]ail[ed] to recognize the Alabama district court's signal about their need to file in the proper district,” Maj. Op. at 328, or how, precisely, that supports the outcome reached by the majority. It is true that at the hearing on the motion to amend in this case, Chief Judge Blackburn said what the majority attributes to her. But, local legal culture being whatever it is in the Northern District of Alabama, the judge also referred during the hearing to counsel by his nickname, “Bob.” J.A. 263. I have previously acknowledged that "local legal culture drives [certain] practices.” Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 414 (4th Cir.2010) (Davis, J„ concurring); Priestley v. Astrue, 651 F.3d 410, 420 (4th Cir.2011) (Davis, J., concurring). Nevertheless, deciding cases in this circuit on the basis of ostensible “signals” sent by out-of-circuit district judges to out-of-circuit lawyers in cases heard outside this circuit does not commend itself to me.

. See J.A. 255 (citing, in consent to severance, a case for the proposition that "the 'interests of justice generally instructs courts to transfer cases to the appropriate judicial district, rath *334 er than dismiss them' ") (brackets and ellipses omitted); Appellants’ Br. 3 ("Rather than transferring such claims, however, Chief Judge Blackburn dismissed them without prejudice to refiling in the Eastern District of Virginia.”).

. Indeed, in making the final argument that leave should be denied because venue was improper in its opposition, Dollar Tree urged the court to "adopt the view of its sister courts in other Circuits and require that each named plaintiff individually satisfy the express venue provisions set forth in Title VII” "[i]n the absence of Eleventh Circuit authority.” J.A. 241 (emphasis added).

. The Eleventh Circuit has said,
"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.” 11th Cir. R. 36-2. Furthermore, "[t]he court may cite to [unpublished opinions] where they are specifically relevant to determine whether the predicates for res judicata, collateral estop-pel, or double jeopardy exist in the case, to ascertain the law of the case, or to establish the procedural history or facts of the case.” 11th Cir. R. 36, I.O.P. 7.
Borden v. Allen, 646 F.3d 785, 808 n. 27 (11th Cir.2011); see also Boutwell v. Advance Constr. Servs., No. 07-0447-WS-C, 2007 WL 2988238, at *4 n. 4 (S.D.Ala. Oct. 11, 2007) (“Even if defendant’s construction of [Pinson v. Rumsfeld, 192 Fed.Appx. 811 (11th Cir. 2006), the case relied upon by Chief Judge Blackburn] were valid, which it is not, the fact remains that Pinson is unpublished and therefore nonbinding.”).

. The Fourth Circuit case the majority relies upon to reach its conclusion is inapposite. In Bridges v. Department of Maryland State Police, 441 F.3d 197, 206-07 (4th Cir.2006), this court had no reason to directly construe Rule 15, but instead considered whether would-be plaintiffs had standing to appeal.

.In dismissing this case, the district judge in the Eastern District of Virginia observed:
The court notes at the outset of this discussion plaintiffs' position that any claim by defendant of prejudice in this connection is dubious. As noted above, this case involves substantially the same named plaintiffs (and putative plaintiff class) as those in Collins I, suing the same defendant for a claim arising out of the same conduct set out in the original complaint in Collins I. Moreover, defendant clearly had actual notice within the statute of limitations period — in the form of the motion for leave to amend in Collins I, which attached the proposed amended complaint — of plaintiffs’ intent to pursue a Title VII claim in addition to its existing Equal Pay Act claim. It is therefore entirely arguable, and even somewhat persuasive, that permitting this case to proceed would not offend the admittedly strong policy considerations underlying the statute of limitations defense.
J.A. 514-15.
Similarly, in denying the Appellee’s post-judgment motion for attorney’s fees and sanctions, the lower court had this trenchant observation:
Indeed, in a sense, plaintiffs were merely doing what Judge Blackburn’s decision on their motions for leave to amend the Collins I complaint forced them to do; namely, to bring their Title VII claim as a separate action in this court, where, it should be noted, defendant had repeatedly argued venue was proper. It is somewhat ironic that defendant now seeks to characterize as vexatious multiplication of proceedings the very act that it had previously chastised plaintiffs for not doing; namely, filing their Title VII claim against defendant in this court instead of in the Northern District of Alabama.
Collins v. Dollar Tree Stores, Inc., Opinion and Order, No. 2:09-cv-00486-JBF, at 21-22 (E.D.Va. May 28, 2010) (final emphasis added).

. Plainly, under the circumstances of this case, we should allow "the limitations period to be tolled during the pendency of related litigation because it [is] consistent with the [remedial Title VII] statutory scheme and equitable principles to do so.” Bowen v. City of New York, 476 U.S. 467, 479 n. 11, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (alterations added); see also Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967) ("We consider it much more consistent with the overall congressional purpose to apply a traditional equitable tolling principle, aptly suited to the particular facts of this case and nowhere eschewed by Congress, to preserve petitioners’ cause of action.”).

. My confidence is bolstered by Chief Judge Blackburn's recognition of the potential harshness of the result, see J.A. 371, and allusion to the alleged "futility” of the Appellants’ Title VII claims. But see J.A. 283 (Chief Judge Blackburn recognizing that Appellants’ *337 time to file a .complaint in another venue might have run). But in the circumstances of this case, or any case for that matter, the ostensible "futility” of a claim for purposes of Rule 15’s liberal amendment provisions bespeaks the "legal insufficiency” of such a claim, not the simple fact of mislaid venue. Cf. Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999). After all, the very purpose of the venue transfer provisions of 28 U.S.C. §§ 1404(a) and 1406(a) is to correct the kind of inconsequential error in selecting venue as is apparent in this case.
A simple thought experiment demonstrates the correctness of such an outcome. Imagine that a putative class action was timely filed under Title VII laying venue in the Western District of North Carolina but where, arguably, venue lies only in the District of South Carolina. Several months after a hearing on the defendants' contested motion to dismiss (or, as here, alternatively, to transfer) for improper venue, and after the ninety-day period for filing a new action had expired, the district court dismisses the case rather than transferring it to South Carolina. I have no doubt that this court would reverse a decision of the South Carolina district court dismissing a newly-filed action in that district, whether on the basis of legal tolling, equitable tolling, or a plain vanilla abuse of discretion determination. The same result should obtain here.