# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2024

Lyle W. Cayce
Clerk

————————

No. 23-20564
Summary Calendar

————————

Latosha Diggles,

*Plaintiff—Appellant*,

*versus*

Donean Surratt; David Fisher; Michael J. Lindsay, *In his individual and official capacity*; Barrett Philip Lindsay, *In his individual and official capacity*; John Pat Parsons, *In his individual and official capacity*; Eric B. Dick, *In his individual and official capacity*; Judge Mitch Templeton, *In his individual and official capacity*; Judge Baylor Wortham, *In his individual and official capacity*; Dana Marshburn, *In her individual and official capacity*; Holly G. Giffin, *In her individual and official capacity*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-78

———————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:*

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20564

Latosha Diggles moves to proceed in forma pauperis (IFP) on appeal from the dismissal, without prejudice, of the claims raised in her civil rights action. By moving to proceed IFP in this court, Diggles challenges the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Because Diggles fails to raise a challenge to the dismissal of the claims raised in her amended complaint for failure to state a claim upon which relief may be granted, she has abandoned any such argument. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As Diggles failed to obtain the consent of opposing parties or seek leave of court, her filing of a second amended complaint had "no legal effect," *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003), and she cannot demonstrate a violation of her due process rights or other error by the district court with respect to this filing. *See* Fed. R. Civ. P. 15(a)(2). Because defendant Eric B. Dick timely filed and served an answer, he did not default, and thus there was no basis for the district court to proceed to entry of a default judgment. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Diggles's conclusory assertions that the district court failed to correct unspecified clerical errors and abused its discretion are insufficient, as this court is not required to search the record to find a legal and factual basis for an issue that is inadequately briefed. *United States v. Brace*, 145 F.3d 247, 255-56 (5th Cir. 1998).

As Diggles has failed to identify any issue of arguable merit, her motion to proceed IFP is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also*

No. 23-20564

5TH CIR. R. 42.2. Finally, because Diggles fails to demonstrate that a transcript is "necessary for proper disposition of [her] appeal," *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997), her motion for transcripts at Government expense is DENIED.