**TRANSAMERICA CORPORATION, et al., Plaintiffs,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant.**

**No. 92 C 3318.**

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1992.

in excess of $100,000.

Richard Paul Glovka, Thomas Michael Lynch, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for plaintiffs.

Steven Joseph Rotunno, Mary M. Hachenburg, Sedgwick, Detert, Moran & Arnold, Chicago, Ill., Joseph K. Powers, Jeffrey M. Winn, Sedgwick, Detert, Moran & Arnold, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiffs presented, and this court's clerk's office accepted, for filing a memorandum in opposition to defendant's motion to transfer venue or alternatively dismiss. The form of this memorandum violates this court's rules in two respects. It violates this court's rules by being bound on the side rather than at the top, U.S.Dist.Ct., N.D.Ill., GR 9(b), and it violates this court's rules by being in excess of fifteen pages long, U.S.Dist.Ct., N.D.Ill., GR 9(d).

This court's rules provide:

Documents which fail to comply with the provisions of this rule shall be filed subject to being stricken by the court, provided that documents bound other than at the top as provided in section B of this rule shall be accepted for filing only upon order of the court.

U.S.Dist.Ct., N.D.Ill., GR 9(e). Needless to say, plaintiffs did not secure the order of the court required for filing a side-bound document.

Since December 1, 1991, the duties of the clerk's office have been significantly altered with respect to documents submitted for filing. Effective on that date, the Federal Rules of Civil Procedure were amended to provide:

The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

FRCP 5(e). The Advisory Committee Notes explain:

Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

FRCP 5, Notes of Advisory Committee on Rules, 1991 Amendment. On November 27, 1991, this court entered a General Order stating in part:

It appearing that

(1) Rule 83 of the Federal Rules of Civil Procedure authorizes the adoption of local rules "not inconsistent with" the Federal Rules of Civil Procedure.

(2) Effective 1 December 1991, Section (e) of [Rule 5 of] the Federal Rules of Civil Procedure will be amended to include the following provision:

The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

The Notes of the Advisory Committee on the 1991 amendment to Rule 5(e) state in part as follows:

Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office

of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

(3) There are several provisions of the local rules of the Court which direct the Clerk not to accept items for filing which do not meet local standards, e.g., local General Rule 9E and documents not on 8½″ × 11″ paper, topbound.

(4) There are several judges who have directed the Clerk not to accept for filing motions not meeting their motion scheduling practices.

By direction of the full Court met in executive session on Wednesday, 27 November 1991,

IT IS HEREBY ORDERED That effective 12:01 a.m., Sunday, 1 December 1991, whenever a person presents for filing a document that under existing local rules or general directive of a judge the Clerk is directed not to file, the Clerk shall inform the person offering the document of the rule or directive. If the person insists on filing the document, the Clerk shall promptly file it and attach to it a note indicating that the person offering it had been advised of the rule or directive.

U.S.Dist.Ct., N.D.Ill., Gen.Ord. of 27 Nov. 91. Thus, since December 1, 1991, the clerk of this court may not refuse to file any document presented for filing, including documents that do not comply with requirements of form contained in the Federal Rules of Civil Procedure; documents that the clerk is directed not to file under the local rules of this court; and documents that the clerk is directed not to file under the directive of a judge, the directives not to accept for filing documents that do not conform to particular judges' motion scheduling practices having been specifically noted by this court in this connection. FRCP 5(e); FRCP 5, Notes of Advisory Committee on Rules, 1991 Amendment; U.S.Dist.Ct., N.D.Ill., Gen. Ord. of 27 Nov. 91.

In this case, the clerk accepted plaintiffs' memorandum, as was required. Rather than promptly filing it, the clerk transmitted both the original and the judge's copy of the document to this judge. That error has since been corrected, and by this time the plaintiffs' memorandum should in fact have been filed, as is required. FRCP 5(e); U.S.Dist.Ct., N.D.Ill., Gen.Ord. of 27 Nov. 91.

■ That such a document must be filed by the clerk does not mean that it must remain so. Neither the amendment to Rule 5(e) nor this court's General Order repealed the requirements of form imposed by this court's local rule. Moreover, there is nothing in either Rule 5(e) or this court's General Order that precludes the striking of a nonconforming document after it has been filed. The 1991 amendment of Rule 5(e) addressed the problem of the inappropriateness of the clerk refusing to accept documents for filing because of their failure to conform to requirements of form. The Advisory Committee specifically stated that, "The enforcement of these rules and of the local rules is a role for a judicial officer." FRCP 5, Notes of Advisory Committee on Rules, 1991 Amendment. It therefore appears that the Advisory Committee contemplated that a judicial officer would strike nonconforming documents when appropriate. Therefore, the portion of General Rule 9(e) providing, "Documents which fail to comply with the provisions of this rule shall be filed subject to being stricken by the court," is unaffected by the 1991 amendment of Federal Rule of Civil Procedure 5(e) and this court's General Order of November 27, 1991. U.S.Dist.Ct., N.D.Ill., GR 9(e); FRCP 5(e); U.S.Dist.Ct., N.D.Ill., Gen.Ord. of 27 Nov. 91.

■ Accordingly, plaintiffs' memorandum in opposition to defendant's motion to transfer venue or alternatively dismiss is stricken because it is not bound at the top as required by this court's local rules and because it is in excess of 15 pages long. U.S.Dist.Ct., N.D.Ill., GR 9(b), (d).

ORDERED: Plaintiffs' memorandum in opposition to defendant's motion to transfer venue or alternatively dismiss is stricken.