**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 20-1910**

─────────────

ANDREW ALLEN,

        Plaintiff - Appellant,

   v.

ATLAS BOX AND CRATING CO., INC.; ALL-IN-ONE STAFFING, LLC,

        Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cv-00520-FL)

─────────────

Argued: December 9, 2022                      Decided: February 3, 2023

─────────────

Before RICHARDSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

─────────────

Vacated and remanded by published opinion. Judge Heytens wrote the opinion, in which Judge Richardson and Judge Quattlebaum joined.

─────────────

**ARGUED:** Jonathan Y. Ellis, MCGUIREWOODS LLP, Raleigh, North Carolina, for Appellant. Mary Margaret McCudden, JACKSON LEWIS, PC, Baltimore, Maryland, for Appellees. **ON BRIEF:** James A. Compton, MCGUIREWOODS LLP, Washington, D.C., for Appellant. Benjamin T. McLawhorn, THE LAW OFFICE OF BENJAMIN T. MCLAWHORN, Raleigh, North Carolina; Kathleen K. Lucchesi, JACKSON LEWIS, PC, Charlotte, North Carolina, for Appellees.

─────────────

TOBY HEYTENS, Circuit Judge:

Federal Rule of Civil Procedure 3 says "[a] civil action is commenced by filing a complaint with the court." Rule 5(d)(2)(A), in turn, provides that "[a] paper not filed electronically is filed by delivering it . . . to the clerk." At bottom, the question before us is whether starting a federal lawsuit sometimes requires more than what those rules say. Because we hold the answer is no, we vacate the district court's judgment and remand for further proceedings.

I.

Andrew Allen claims his former employer, Atlas Box and Crating Company, fired him because of his race. Allen filed charges with the Equal Employment Opportunity Commission against Atlas and the staffing agency that helped him get the job, and concedes he received right-to-sue letters by August 8, 2018.

On November 1, 2018—85 days later—Allen, acting pro se, delivered four documents to the clerk of the United States District Court for the Eastern District of North Carolina. Two of the documents were hand-completed versions of a form labeled "Application to Proceed in District Court without Prepaying Fees and Costs." JA 10, 128. The others were hand-completed versions of a different form labeled "Complaint." JA 15, 44. One complaint identified Atlas as the defendant; the other named the staffing company.

The applications were stamped "filed" and entered as filed motions on the district court's electronic docket. JA 10, 128. In contrast, the complaints were stamped "received" and entered as "proposed complaint[s]" on the docket, where they were treated as attachments to the motions to be excused from the filing fee. JA 2, 15, 44.

2

On November 8, 2018—92 days after Allen received the right-to-sue letters—a magistrate judge recommended denying the motions for relief from the filing fee. Allen sought an extension of time to pay the fee and paid within the time directed by the district court. On December 17, 2018—four days after Allen paid the filing fee and 131 days after he received the right-to-sue letters—the district court directed the clerk to "file [Allen's] complaint." JA 37.[1]

Eight months later, the district court granted summary judgment for the defendants on the ground that Allen's action was time barred. The court concluded there was no genuine dispute of fact that Allen received the right-to-sue letters by August 8, meaning "the deadline to file a complaint . . . was . . . November 6, 2018." JA 116. In the district court's view, Allen sued too late because no complaint was filed until Allen "pa[id] his filing fee [on] December 13, 2018, triggering the filing of the complaint on December 17, 201[8], over 40 days out of time." JA 116. The court recognized that the timely filing rule is "not jurisdictional" and is subject to doctrines like "waiver, estoppel, and equitable tolling." *Id.* (quotation marks omitted). But the district court concluded Allen was not entitled to equitable tolling because he had been "untruthful . . . in this litigation" and had "not demonstrated an exercise of due diligence or extraordinary circumstances beyond his control." JA 117.

---

[1] "Complaint" is singular because the district court consolidated the two cases in the same order granting Allen's request for more time to pay the filing fee.

As always, we review the district court's grant of summary judgment de novo. See, *e.g.*, *Richardson v. Clarke*, 52 F.4th 614, 618 (4th Cir. 2022). More broadly, we review legal questions—including the requirements for commencing an action in federal court—de novo. See, *e.g.*, *United States v. Hardin*, 998 F.3d 582, 587 n.3 (4th Cir. 2021).

## II.

We hold this action is timely because it began within the applicable limitations period. We thus need not reach any questions about equitable tolling.

An action like this one must "be brought" "within 90 days" after receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). To satisfy that requirement, a plaintiff must "commence a civil action against the allegedly offending employer." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1847 (2019). This case thus boils down to one question: How is an action like Allen's "commence[d]"?

Had Allen never asked to be excused from paying the filing fee, the answer would be simple. Federal Rule of Civil Procedure 3 says "[a] civil action is commenced by filing a complaint with the court." Rule 5, in turn, tells us how something is filed. "A paper not filed electronically," that rule provides, "is filed by delivering it . . . to the clerk" or "to a judge who agrees to accept it for filing." Rule 5(d)(2)(A)–(B); see Rule 5(d)(3)(B)(i)–(ii) (stating that non-represented parties "may file electronically only if allowed by court order or by local rule" and "may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions"). As a leading treatise explains, "[t]he first step in a civil action in a United States district court is the filing of the complaint with the clerk or the judge. Filing a complaint requires nothing more than delivery of the document

4

to a court officer authorized to receive it." Wright & Miller, 4 Fed. Prac. & Proc. Civ. § 1052 (4th ed. 2022).

True, federal law also says "[t]he clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350," 28 U.S.C. § 1914, and here Allen did not pay the required fee until after the 90-day period expired. But nothing in that statute or Rule 5 says a clerk may refuse to accept a complaint for filing because it is not accompanied by the filing fee. Indeed, Rule 5's distinction between "delivering" a document "to the clerk; *or* . . . to a judge who agrees to accept it for filing" underscores that the clerk's role is purely ministerial. Rule 5(d)(2)(A)–(B) (emphasis added); see also Rule 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

The Supreme Court's treatment of filing fees for civil appeals leads to the same conclusion. Subject to certain exceptions, a notice of appeal must be "filed[] within thirty days after the entry of" the order or judgment being challenged. 28 U.S.C. § 2107(a). As with beginning a civil case, there is a fee that must be paid "[u]pon . . . filing." 28 U.S.C. § 1917. What is more, in civil cases, the need to file a timely notice of appeal is a "jurisdictional requirement" that admits no "equitable exceptions." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Yet the Supreme Court has held an appeal is timely when a notice of appeal is "received" within the 30-day period, and that neither a clerk's act of "declin[ing] to 'file' the notice of appeal until" the fee is paid nor the fee's payment after the 30-day period expires affects "the validity of [the] notice of appeal." *Parissi v. Telechron, Inc.*, 349 U.S. 46, 46–47 (1955) (per curiam).

5

We see no reason to take a different approach to the non-jurisdictional requirement of initiating a lawsuit within the limitations period. Rather—like the duty to make timely service on the defendant—the obligation to pay the filing fee is properly understood as a condition subsequent, not precedent, to instituting a civil action. See *Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996) ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations."); *Robinson v. Clipse*, 602 F.3d 605, 607–08 (4th Cir. 2010) (limitations period satisfied when plaintiff filed a complaint, but did not serve process, before the period elapsed).[2] This conclusion also fits best with a statutory provision authorizing district courts to adopt local rules or standing orders "requir[ing] advance payment of fees." 28 U.S.C. § 1914(c). Unless the normal rule is that a suit is commenced whether or not the fee has been paid, that provision "would be left with no work to perform, its terms dead letters all." *Ysleta Del Sur Pueblo v. Texas*, 142 S. Ct. 1929, 1939 (2022).

So far, the defendants appear to agree. Indeed, when asked about the issue at oral argument, the defendants acknowledged that a non-indigent plaintiff who delivers a complaint to the court but forgets to pay the filing fee has still commenced an action for purposes of the limitations period. See Oral Arg. 8:16–9:17. But the defendants assert the answer is different here for two reasons. The first involves the facts of Allen's individual

---

[2] The issue is somewhat more complicated where a plaintiff is proceeding on a state-law claim. In that situation, if state law requires a plaintiff to serve process "before the statute of limitations has run," a federal court must enforce the same requirement. *Henderson*, 517 U.S. at 657 n.2. The parties agree Allen's claims are exclusively federal.

case. The second is a broader argument about plaintiffs who ask to be excused from paying the filing fee. We find both unpersuasive.

*First*, the defendants insist Allen "did not deliver his complaints to the clerk for filing. Instead, he delivered . . . two (2) [*in forma pauperis*] motions in which the complaints were attached as proposed complaints." Appellees' Br. 13. To be fair, that is how the clerk entered the four items on the district court's electronic docket. But the documents Allen completed and delivered to the district court clerk were not captioned "proposed complaint"—they were labeled "complaint." JA 15, 133. It was the district court clerk, not Allen, who characterized the complaints as "proposed."

What is more, the documents satisfied the critical requirements of a complaint by containing factual and legal allegations "stat[ing] a claim for relief." Fed. R. Civ. P. 8(a). Nothing on the face of the documents suggests they were anything but pleadings, and Allen's "pro se status" at the time of filing "favors a liberal construction" of the documents he deposited with the clerk. *Jackson v. Lightsey*, 775 F.3d 170, 176 n.2 (4th Cir. 2014). No matter how the district court clerk chose to stamp, docket, or treat them, the documents Allen prepared seeking relief from his employer and the staffing agency were complaints within the meaning of Rules 3 and 8 and were filed when delivered to the clerk. See Rule 5(d)(2)(A) (stating a document "not filed electronically *is filed* by delivering it . . . to the clerk" (emphasis added)).

*Second*, the defendants assert the federal statute governing requests for relief from paying the filing fee establishes that, in cases in which that statute is implicated, an action does not begin until the motion is granted or the filing fee is paid. The argument goes like

7

this. The statute says "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit" establishing inability to pay the fee. 28 U.S.C. § 1915(a)(1). "To say that the judge may 'authorize the commencement' of a suit is to imply that depositing a copy of the complaint with the clerk does *not* commence the litigation and therefore does not satisfy the statute of limitations." *Williams-Guice v. Board of Educ. of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995). Rather, "[o]nly the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action." *Id.*

This argument is stronger than the previous one. But, like most other courts of appeals to have considered it, we are unconvinced. See *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("We . . . hold that the filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application."); *Hernandez v. Aldridge*, 902 F.2d 386, 387–88 (5th Cir. 1990); *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1551–52 (11th Cir. 1986); *Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir. 1973) (Friendly, J.).

Start with the language of Section 1915(a)(1) itself. Yes, that statute uses the word "commencement." Unlike Rule 3, however, the statute does not speak to when or how a lawsuit "is commenced," Fed. R. Civ. P. 3, nor does it purport to change the normal rules in that regard. Rather, Section 1915(a)(1) is a grant of authority to district courts to make an exception from other generally applicable rules—specifically, those requiring

8

"prepayment of fees or security" to bring a "suit, action or proceeding" or an "appeal therein." 28 U.S.C. § 1915(a)(1).

In contrast, the Federal Rules of Civil Procedure say nothing about filing fees. But those Rules are designed to "govern the procedures in all civil actions and proceedings in the United States district courts," Rule 1, and they provide a carefully delineated list of circumstances where their provisions do not apply or apply only in part. See Rule 81. We see no indication in either the Federal Rules or Section 1915(a)(1) that the bright-line trigger described in Rule 3 depends on whether a plaintiff requests permission not to pay the filing fee. See *Escobedo*, 787 F.3d at 1232 (nothing in Section 1915 "contradicts the simple directive set forth in Rule 3 that a civil action is commenced by filing a complaint with the court").

Another portion of Section 1915 also supports this view. See *Samantar v. Yousuf*, 560 U.S. 305, 319 (2010) (courts "do not . . . construe statutory phrases in isolation" but "read statutes as a whole" (quotation marks omitted)). As relevant here, that provision states "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). It seems odd to direct a court to "dismiss" a case that has not yet (at least in the defendants' view) commenced in the first place.

The incongruities only increase when we broaden our lens to include Section 1915's immediate neighbor, which creates the default requirement of paying a fee to bring a civil lawsuit in federal court. In language that closely parallels Section 1915(a)(1), that provision states: "The clerk of each district court shall require the parties instituting any

9

civil action, suit or proceeding in such court . . . to pay a filing fee of $350." 28 U.S.C. § 1914(a). As we have already seen, the fact that paying a fee is generally a requirement for "instituting" a civil action does not make doing so a precondition for commencing a lawsuit in the first place. See pp. 4–6, *supra*. So, under the defendants' view, a plaintiff who delivers a complaint on the last day of the limitations period but forgets to pay the filing fee has ensured the lawsuit is timely, but a more responsible plaintiff who asks to be excused from paying the fee has no such assurances. The defendants identify no reason we should interpret two closely related statutes as creating that anomalous result.

The notion that a suit is not immediately begun when a plaintiff seeks to be excused from paying the filing fee creates other issues as well. Recall that Allen deposited his two complaints with the clerk on day 85 of the 90-day limitations period and ultimately paid the filing fee after the magistrate judge recommended denying his request to be excused from paying it. Because the magistrate judge did not make this recommendation until day 92, however, the defendants' understanding of Section 1915(a)(1) most naturally suggests that any later efforts to pay the fee (or ask the district court to reject the magistrate judge's recommendation) were futile because the suit was already untimely at that point. We will not lightly read Section 1915(a)(1)'s oblique language as making the timeliness of a plaintiff's suit depend on how quickly a court acts on a motion. See *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008) ("It would be illogical and impractical to make the definition of" a document whose filing impacts "time limits" "dependent upon a condition subsequent over which the parties have no control.").

The defendants insist there is no need to worry because "[a] complaint accompanied by an [*in forma pauperis*] motion . . . toll[s] the statute of limitations" and the suit will be "deemed timely" so long as "IFP status is actually granted" or the plaintiff "pays the filing fee within a reasonable time after" the motion is denied. Appellees' Br. 14 (quotation marks omitted). Indeed, had Allen only demonstrated more candor and diligence—the defendants' argument goes—he too might have benefitted from equitable tolling.

But that proposed solution creates new problems of its own. For starters, it has no basis in the text of Rule 3 or Section 1915(a)(1). What is more, that sort of automatic tolling rule is hard to square with the nature of equitable tolling, which involves a "fact-intensive and case-specific" inquiry. *Lawrence v. Lynch*, 826 F.3d 198, 204 (4th Cir. 2016) (quotation marks omitted).

Better, we think, to stick with the language of Rules 3 and 5. We hold that an action under federal law is commenced for limitations purposes when a plaintiff delivers a complaint to the district court clerk—regardless of whether the plaintiff pays the filing fee, neglects to do so, or asks to be excused from the fee requirement.

\*      \*      \*

Allen commenced this action within the statutory period by timely delivering a complaint to the district court clerk. Because he did so, no consideration of equitable tolling is necessary. We thus vacate the district court's judgment and remand for further proceedings consistent with this opinion.

*SO ORDERED*

11