**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1365 & 21-1394
_____

LEE WILLIAMS, individually and in his representative
capacity,

Appellant

v.

TECH MAHINDRA (AMERICAS) INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-20-cv-04684)
District Judge:  Honorable Brian R. Martinotti
_____

Argued:  December 14, 2021

Before:  GREENAWAY, JR., KRAUSE, and PHIPPS,
*Circuit Judges*.

(Filed:  June 14, 2023)
_____


Mark A. Hammervold          **[ARGUED]**
Daniel Kotchen
KOTCHEN & LOW
1918 New Hampshire Avenue, N.W.

Washington, DC 20009

    *Counsel for Appellant*

Kenneth Gage          **[ARGUED]**
Daniel Richards
PAUL HASTINGS
200 Park Avenue
30th Floor
New York, NY 10166

    *Counsel for Appellee*

_____

## OPINION OF THE COURT

_____

PHIPPS, *Circuit Judge*.

In this putative class action, a fired employee sues his former employer alleging a pattern or practice of race discrimination against non-South Asians in violation of 42 U.S.C. § 1981. The employee had previously attempted to join another class action against the company but after that case was stayed, he filed this suit – years after his termination.

The employer moved to dismiss the complaint under Rule 12(b)(6) as untimely. In response, the employee conceded that the relevant statutes of limitations had expired, and instead he resorted to two forms of tolling: wrong-forum and *American Pipe*.

The District Court concluded that *American Pipe* tolling did not allow the employee to commence a successive class action, and the employee does not contest that ruling. But the District Court dismissed the complaint without considering the applicability of wrong-forum tolling. On *de novo* review, that was error: the unavailability of *American Pipe* tolling does not

2

inherently preclude wrong-forum tolling. And because tolling is appropriately addressed by district courts in the first instance, we will vacate the dismissal order and remand the case to the District Court.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Tech Mahindra (Americas), Inc. is an information technology company incorporated in New Jersey and wholly owned by a like-named major Indian corporation. Tech Mahindra has over 5,000 employees across approximately 25 offices in the United States, including several offices in New Jersey. The company's workforce consists of about 90% South Asians although that group comprises only 1–2% of the United States population and around 12% of the relevant labor market. In addition, Tech Mahindra annually applies for and receives approvals for thousands of H-1B visas. It uses those visas, which permit hiring foreign workers for specialty occupations, to staff a significant percentage of its labor force with South Asians.

In May 2014, Tech Mahindra hired Lee Williams, a Caucasian American. The following month, Williams began working in the company's Columbus, Ohio office as a Regional Manager and Senior Director of Business Development. He was one of only two non-South Asians in his sales group, and he reported to a South Asian supervisor. During his time with Tech Mahindra, Williams also attended three of the company's regional conferences, where the majority of attendees were South Asian and where Hindi was often spoken to his exclusion.

Williams's tenure with the company was short-lived. In June 2015, his manager informed him that because he was not meeting his sales goals, he would be placed on a sixty-day performance improvement plan. Then, on August 19, 2015, Tech Mahindra terminated his employment.

3

As a non-South Asian fired by Tech Mahindra, Williams was a member of a putative class action against the company for claims of racial discrimination. *See Grant v. Tech Mahindra (Americas), Inc.*, 2019 WL 7865165, at *1 (D.N.D. Dec. 5, 2019) (identifying the claims brought by the putative class). That suit was filed by another former Tech Mahindra employee, Roderick Grant, on August 10, 2018, in federal court in North Dakota. Tech Mahindra originally moved to dismiss Grant's claims, but it withdrew that motion to seek to compel Grant to arbitrate. Grant opposed that motion and, on June 5, 2019, sought leave to amend his complaint to add Williams as a named plaintiff. On February 6, 2020, the district court in North Dakota granted Tech Mahindra's motion to compel individual arbitration, denied Grant's motion for leave to amend, and stayed the case. *See Grant v. Tech Mahindra (Americas), Inc.*, 2020 WL 589529, at *1 (D.N.D. Feb. 6, 2020).

Williams then filed this putative class action on April 21, 2020 – approximately four years and eight months after his employment with Tech Mahindra ended. Invoking the jurisdiction of the United States District Court for the District of New Jersey, *see* 28 U.S.C. § 1331, he brought a single claim for disparate treatment on the basis of race under 42 U.S.C. § 1981, seeking class-wide relief. Williams's claim alleged that Tech Mahindra engaged in a pattern or practice of racial discrimination against its non-South Asian employees and applicants that extended to the company's hiring, staffing, promotion, and termination practices.

As it did in Grant's case, Tech Mahindra moved to dismiss Williams's complaint. It did so on three grounds: lack of Article III standing; failure to allege a plausible claim of race discrimination; and untimeliness under the statute of limitations. Williams defended his standing and the plausibility of his allegations, but he did not deny that the longest applicable statute of limitations, four years, had already expired. *See* 28 U.S.C. § 1658(a). Instead, he argued that the

4

statute of limitations should be tolled on two distinct theories: wrong-forum tolling and *American Pipe* tolling, *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

The District Court rejected several of Tech Mahindra's arguments, but it ultimately granted the motion and dismissed Williams's complaint without prejudice. It concluded that Williams had standing and that he was likely a member of the putative class in the *Grant* action. Next, in evaluating the timeliness of Williams's claim, the District Court considered *American Pipe* tolling, under which the filing of a putative class action suspends the statute of limitations for absent class members' individual claims. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983); 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 9:53 (6th ed. 2022). But in recognizing that the Supreme Court in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), had declined to extend *American Pipe* tolling to successive class actions, the District Court determined that Williams could not maintain a class action. As for his remaining individual action, Williams had to plead that but for his race he would not have suffered the loss of any legal interests protected by § 1981. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020); *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256–58 (3d Cir. 2017). And, upon considering Williams's complaint, the District Court determined that it did not plausibly allege but-for causation on an individual basis. Accordingly, it dismissed Williams's claim without prejudice. Instead of amending his pleading, Williams elected to stand on his complaint and appeal, which triggered this Court's appellate jurisdiction. *See* 28 U.S.C. § 1291; *Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019).

## II. DISCUSSION

Williams's principal contention on appeal is that the District Court erred by dismissing his class action as untimely without addressing his wrong-forum tolling argument. In response, Tech Mahindra asserts that the ground on which the

5

District Court rejected *American Pipe* tolling – the Supreme Court's decision in *China Agritech* – also bars wrong-forum tolling. But Tech Mahindra overreads *China Agritech*, which was a "clarification of *American Pipe*'s reach," not a broad holding announcing a limit on other traditional forms of equitable tolling. *China Agritech*, 138 S. Ct. at 1810; *see also Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 709 (3d Cir. 2019) ("*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period."). *See generally D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (identifying three traditional forms of equitable tolling: deception tolling, extraordinary-circumstances tolling, and wrong-forum tolling).

Nor do the rationales in *China Agritech* for precluding the application of *American Pipe* tolling to successive class actions extend to wrong-forum tolling. The rule of *China Agritech* serves several salutary purposes: it discourages duplicative lawsuits, promotes fairness to both sides, and avoids the perpetual stacking of repetitive claims. *See Blake*, 927 F.3d at 709. But allowing traditional equitable tolling in the class action context does not undermine the force of *China Agritech*'s limitation on *American Pipe*. That is so because to benefit from one of the traditional forms of equitable tolling, a plaintiff must make individualized showings that he pursued his claim with diligence and that extraordinary circumstances beyond his control prevented a timely and proper assertion of his rights. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255–57 (2016); *Doherty v. Teamsters Pension Tr. Fund of Phila. & Vicinity*, 16 F.3d 1386, 1394 (3d Cir. 1994) (holding that while not every "poor choice by a lawyer or law firm that lands a party in the wrong forum merits equitable tolling[,] . . . some mistakes in extraordinary circumstances merit forbearance").

Equitable tolling of a class action therefore would not be permitted when a plaintiff "could have sought lead-plaintiff status or brought his own claim" but made no effort to do so

until after the limitations period had expired. *Blake*, 927 F.3d at 709. For the same reason, traditional equitable tolling will not permit "class claimants [to] stack their claims forever" or "breed duplicative lawsuits . . . after class certification was denied," *id.*, because outside the *American Pipe* context, a lack of diligence in timely asserting one's rights (or the absence of extraordinary circumstances beyond the litigant's control) is fatal to a request for equitable tolling, *see China Agritech*, 138 S. Ct. at 1808; *Menominee*, 577 U.S. at 255–57. Accordingly, the reasons for not extending *American Pipe* tolling to class claims do not negate the application of traditional forms of equitable tolling in that context.

Thus, it was error for the District Court to dismiss Williams's class action allegations as untimely without considering wrong-forum tolling. And because the application of equitable tolling is normally a matter reserved to the sound discretion of the district court, we will vacate the District Court's judgment and remand the case without retaining jurisdiction. *See Doherty*, 16 F.3d at 1394; *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 (3d Cir. 2002).

Tech Mahindra argues against this outcome. It contends that the Supreme Court's decision in *Comcast*, which underscores the need for § 1981 plaintiffs to establish but-for causation, demonstrates that Williams was required to plead but-for causation on an individual basis to overcome a motion to dismiss. 140 S. Ct. at 1019 ("To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). It is certainly true that, as the Supreme Court held in *Comcast*, for a plaintiff to prevail on a § 1981 claim he must prove that but for his race, he would not have been discriminated against in the making or enforcing of contracts. *Id.* at 1019. But *Comcast* was neither an employment discrimination case nor a class action, *see id.* at 1013, and therefore it does not impinge in the least on the indirect methods of proof formulated by the Supreme Court for employment discrimination claims under

7

Title VII of the Civil Rights Act of 1964. And those methods of proof, such as the *McDonnell Douglas* burden-shifting framework for individual actions or the *Teamsters* pattern-or-practice approach for class actions, may be applied to claims under § 1981 for employment discrimination when the methods of proof were formulated "in a context where but-for causation was the undisputed test." *Comcast*, 140 S. Ct. at 1019; *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 362 (1977) ("The proof of the pattern or practice supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, *was made in pursuit of that policy*." (emphasis added)); *see, e.g.*, *Patterson v. McLean Credit Union*, 491 U.S. 164, 186–88 (1989) (applying *McDonnell Douglas* to an individual § 1981 claim);[1] *cf. Carvalho-Grevious*, 851 F.3d at 257 (explaining that the but-for causation standard for retaliation claims under Title VII "does not conflict with [the] continued application of the *McDonnell Douglas* paradigm" (internal quotation marks omitted)). Consequently, at the motion-to-dismiss stage, plausible allegations of the essential components of an indirect method of proof will suffice for stating the elements, including but-for causation, of a disparate treatment claim based on race under § 1981. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("To defeat a motion to dismiss, it is sufficient to allege a prima facie case.").

Tech Mahindra counters that Williams conceded his ability to obtain class-wide relief by not disputing the District Court's holding that he failed to plead but-for causation on an individual basis. *See Zimmerman v. HBO Affiliate Grp.*,

---

[1] *See also Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 69 (2d Cir. 2015) (holding that the pattern-or-practice method is available under § 1981); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1237 (11th Cir. 2000) ("*Teamsters* applies in employment discrimination cases brought under section 1981 to the same degree that it applies in cases brought under Title VII.").

834 F.2d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim."). But the allegations required of a plaintiff at the pleading stage of a case depend on what that plaintiff "must prove in the trial at its end." *Comcast*, 140 S. Ct. at 1014. So, to determine the allegations needed for a complaint to survive a motion to dismiss, it is necessary to "work backwards from the endgame." *Martinez*, 986 F.3d at 265. And unlike individual claims, the liability phase in a pattern-or-practice case does not focus on "the reason for a particular employment decision, . . . but on a pattern of discriminatory decisionmaking." *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 876 (1984) (quoting *Teamsters*, 431 U.S. at 360 n.46); *see also Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 178–79 (3d Cir. 2009).

Accordingly, a class plaintiff's burden in making out a *prima facie* case of discrimination is different from that of an individual plaintiff "in that the [former] need not initially show discrimination against any particular present or prospective employee," including himself. *United States v. City of New York*, 717 F.3d 72, 84 (2d Cir. 2013). As a result, Williams was not required to plead but-for causation on an individual basis to avoid dismissal given the availability of the pattern-or-practice method of proof at later stages of the case. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002) (refusing to require a disparate-treatment plaintiff "to plead more facts than he may ultimately need to prove to succeed on the merits" of his claim); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 324 n.24 (3d Cir. 2010) (cautioning that a plaintiff cannot be forced to "commit to a single method of proof at the pleading stage"); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) (same). Under these principles, as long as Williams's complaint plausibly alleges a *prima facie* case under the pattern-or-practice method, his § 1981 claim cannot be dismissed on the ground that he failed to plead that race was the but-for cause of any individual class member's injury, including his own.

9

### III.    CONCLUSION

For these reasons, we will vacate the District Court's order and remand the case for the District Court to consider whether wrong-forum tolling applies and/or whether Williams has plausibly pleaded a *prima facie* pattern-or-practice claim.