**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1434
_____

LEE WILLIAMS,
Individually and in His Representative Capacity,
Appellant

v.

TECH MAHINDRA (AMERICAS) INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-20-cv-04684)
U.S. District Judge: Hon. Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2024
_____

Before: SHWARTZ, MATEY, and McKEE, <u>Circuit Judges</u>.

(Filed: December 10, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Lee Williams appeals the District Court's order granting Tech Mahindra (Americas) Inc.'s ("TMA") motion to dismiss on the grounds that he filed class claims outside the statute of limitations.  Because the doctrine of wrong-forum tolling is available to Williams, we will vacate the order and remand for the District Court to consider whether equitable principles toll the statute of limitations in this case.

I

A

We have previously recounted the facts of this case and recite only those relevant to this appeal.  See <u>Williams v. Tech Mahindra (Ams.) Inc.</u>, 70 F.4th 646 (3d Cir. 2023).  Williams, a former TMA employee, contends that TMA engaged in discriminatory employment practices against non-South Asians that resulted in his August 19, 2015, termination.  <u>Id.</u> at 649-50.  In August 2018, before Williams took any legal action, another former TMA employee, Roderick Grant, filed a putative class action making similar discrimination allegations against TMA in the United States District Court for the District of North Dakota.  <u>Id.</u> at 649.  In that action, TMA

> moved to dismiss Grant's claims, but it withdrew that motion to seek to compel Grant to arbitrate.  Grant opposed that motion and, on June 5, 2019, sought leave to amend his complaint to add Williams as a named plaintiff.  On February 6, 2020, the district court in North Dakota granted [TMA]'s motion to compel individual arbitration, denied Grant's motion for leave to amend, and stayed the case.

<u>Id.</u> (citing <u>Grant v. Tech Mahindra (Ams.), Inc.</u>, No. 3:18-cv-171, 2020 WL 589529, at *1 (D.N.D. Feb. 6, 2020)).  Thereafter,

2

Williams [] filed this putative class action [in the District of New Jersey] on April 21, 2020 – approximately four years and eight months after his employment with [TMA] ended . . . . [H]e brought a single claim for disparate treatment on the basis of race under 42 U.S.C. § 1981, seeking class-wide relief.

Id. at 649. TMA moved to dismiss Williams's New Jersey complaint, arguing that he filed it after the four-year statute of limitations expired. Id. at 650. In response, Williams asserted that two types of tolling applied: wrong-forum tolling and tolling principles set forth in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). Id. The District Court held that American Pipe tolling was unavailable under China Agritech, Inc. v. Resh, 584 U.S. 732 (2018), and dismissed the case without considering whether wrong-forum tolling applied to Williams's class action claims. Id. We affirmed the District Court's conclusion that American Pipe tolling was unavailable but vacated and remanded for the District Court to consider "whether wrong-forum tolling applies." Id. at 649, 653.

On remand, the District Court held that because Grant's motion for leave to amend was denied in the District of North Dakota, the amended complaint was never deemed filed, and therefore wrong-forum tolling was unavailable for the purpose of tolling the limitations period for Williams's New Jersey complaint. Williams v. Tech Mahindra (Ams.) Inc., No. 3:20-cv-4684, 2024 WL 415689, at *5-6 (D.N.J. Feb. 5, 2024).

Williams appeals.

II[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332(d). We have jurisdiction under 28 U.S.C. § 1291.

This appeal requires us to answer a single question: does a motion for leave to file an amended complaint to add a plaintiff, accompanied by a proposed amended complaint, constitute a "filing" by the proposed plaintiff sufficient to permit that plaintiff to rely on wrong-forum tolling, even if that motion is denied? We hold it does.

Wrong-forum tolling is available where a "plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." Doherty v. Teamsters Pension Tr. Fund of Phila. & Vicinity, 16 F.3d 1386, 1393 (3d Cir. 1994), as amended (Mar. 17, 1994) (internal quotation marks omitted). It therefore benefits a plaintiff who "did not sleep on his rights" but nevertheless opted not to file a concurrent, duplicative action in a second court "solely because he felt that [the other] action was sufficient." Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 429 (1965); cf. Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]").

Cases applying wrong-forum tolling typically involve a scenario where a plaintiff initially files his complaint in the wrong forum and then, after re-filing in the proper forum, argues that the initial complaint tolled the applicable statute of limitations. See, e.g., Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 (3d Cir. 2002) ("[T]he statute of limitations for a second action may be equitably tolled by the filing of a first action

We review de novo the dismissal of a complaint, including the decision that tolling is inapplicable as a matter of law. Blake v. JP Morgan Chase Bank NA, 927 F.3d 701, 705, 708 (3d Cir. 2019).

4

dismissed for lack of personal jurisdiction[.]").  The purpose of wrong-forum tolling, among other things, is to protect plaintiffs who filed complaints and do not want to file duplicative actions elsewhere.  There is little reason, then, to believe the doctrine is available only to the original plaintiff who initiated the first suit, as opposed to a party who was unsuccessfully added in the first suit and subsequently brought his own action.[2]  See Burnett, 380 U.S. at 433-35 (applying wrong-forum tolling to avoid punishing plaintiffs for "procedural anomal[ies]"); Island Insteel, 296 F.3d at 217 (discussing wrong-forum tolling as designed to "avoid[] the unfairness that would occur if a plaintiff who diligently and mistakenly prosecuted his claim in a court that lacked personal jurisdiction were barred under the statute of limitations from promptly refiling in a proper jurisdiction"); cf. Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." (internal quotation marks omitted)).  Further, in other contexts, where the

_____

[2] Cases that deem a denied motion for leave to file an amended complaint as having no legal effect to toll a statute of limitations are distinguishable because they involve situations in which the original party seeks to add claims, not parties, to the complaint.  See, e.g., United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003).  This distinction between whether a proposed amended complaint seeks to add a new party or claim is important because when a new party first asserts his claim, he is "show[ing] a desire . . . to begin his case and thereby toll whatever statutes of limitation would otherwise apply" to the claim, which "itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to [e]nsure." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962).  Here, Williams's submission of the proposed amended complaint put TMA on notice of his claim, consistent with both statute of limitations and equitable tolling principles.  See Island Insteel, 296 F.3d at 218 (explaining that the application of equitable tolling often turns on a defendant's notice of plaintiff's claim).

filing of a motion is a prerequisite to filing a complaint, such motion filing may toll the statute of limitations, even where the motion is ultimately denied.[3] See Rodgers ex rel. Jones v. Bowen, 790 F.2d 1550, 1551-53 (11th Cir. 1986) (holding that an application to proceed in forma pauperis ("IFP") tolled the statute of limitations, even where that application was subsequently denied); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994) (holding that a denied IFP petition tolls a statute of limitations to allow a plaintiff a reasonable amount of time to pay the filing fee after the petition's denial); see also Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993) (observing that because a party does not control when a court will rule on a motion for leave to file an amended complaint, "the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.").

Assuming a plaintiff needs to have "filed" his claims to be eligible for wrong-forum tolling, see Island Insteel, 296 F.3d at 203 (discussing a plaintiff's "filing" of a complaint), construing Williams's proposed amended complaint as a "filing" for wrong-forum tolling purposes accords with that term's definitions because the document was

---

[3] The cases TMA cites, that stand for the proposition that complaints dismissed without prejudice do not toll the statute of limitations, are inapposite. See, e.g., Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). It is the precise nature of equitable tolling that provides an exception, in limited circumstances, to ordinary tolling rules, and if a dismissed complaint could never toll a statute of limitations, then wrong-forum tolling would be a nullity. See Island Insteel, 296 F.3d at 217 (premising wrong-forum tolling on "a procedurally defective first action," i.e., an action not dismissed on the merits).

6

delivered to the court and entered on the docket.  See Allen v. Atlas Box & Crating Co., 59 F.4th 145, 151 (4th Cir. 2023) (holding that under Fed. R. Civ. P. 3 and 5, "an action under federal law is commenced for limitations purposes when a plaintiff delivers a complaint to the district court clerk—regardless of whether the plaintiff pays the filing fee, neglects to do so, or asks to be excused from the fee requirement"); Escobedo v. Applebees, 787 F.3d 1226, 1233 (9th Cir. 2015) (holding that, under Fed. R. Civ. P. 3, "a complaint is filed 'by delivering it . . . to the clerk.'  No justification exists to alter the definition of 'filing' simply because a complaint is submitted to the clerk's office along with an IFP application." (quoting Fed. R. Civ. P. 5(d)(2)) (alteration in original)); United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir. 2003) ("A pleading, including a complaint, is considered filed when placed in the possession of the clerk of court."); Casalduc v. Diaz, 117 F.2d 915, 916 (1st Cir. 1941) (per curiam) ("'Filing' means delivery of the paper into the actual custody of the proper officer."); File, Black's Law Dictionary (12th ed. 2024) ("To deliver a legal document to the court clerk or record custodian for placement into the official record.").[4]

Additionally, by asserting his claim as part of Grant's case, Williams complied with our first-filed rule, which prohibited him from filing a duplicative federal lawsuit in New Jersey where one already existed in North Dakota.  See E.E.O.C. v. Univ. of Pa.,

---

[4] The District Court and the parties discuss what they label as "Rule 15 legal tolling."  See generally Williams, 2024 WL 415689, at *5; Appellant Br. at 39-49; Appellee Br. 16-19; Reply Br. 6-7.  Our previous remand, however, was limited to determining whether wrong-forum tolling applied.  Williams, 70 F.4th at 653.  Accordingly, we need not explore all legal tolling doctrines, especially because equitable tolling is an exception to the ordinary tolling rules.  See Island Insteel, 296 F.3d at 217.

850 F.2d 969, 971 (3d Cir. 1988) (stating that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it" (internal quotation marks omitted)); see also China Agritech, 584 U.S. at 740 (encouraging "all would-be [class] representatives [to] come forward" in the same action); Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350-51 (1983) (holding that both precedent and the federal rules disfavor incentivizing "putative class member[s] who fear[]" a class action may be unsuccessful from "fil[ing] a separate action prior to the expiration of his own period of limitations" because doing so "would be a needless multiplicity of actions").

Moreover, because Williams pursued his claim through the Grant litigation within the statute of limitations period, he is not a "would-be class representative who commence[d] suit after expiration of the limitations period" who may not receive equitable tolling under China Agritech, 584 U.S. at 743. Nor would making wrong-forum tolling available to Williams lead to "[e]ndless tolling of a statute of limitations[,]" id. at 744, because Williams's assertion of his claim through the proposed amended complaint, unlike the plaintiff's claim in China Agritech, id. at 737-38, was within the applicable statute of limitations, and the remaining time on the limitations clock for Williams to file his complaint restarted when the motion for leave to file the amended complaint was denied. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (articulating that under equitable tolling principles, after a time bar stops and then restarts, "the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped").

8

Thus, under these circumstances, we conclude that wrong-forum tolling is available given that (1) Williams sought to assert his claim within the statute of limitations applicable to his claim by seeking to join as a named plaintiff an existing putative class action, (2) the first-filed rule barred him from filing a duplicative lawsuit in another forum, and (3) the court overseeing the existing putative class action denied the motion to add Williams solely because the existing plaintiff was compelled to arbitrate his claim.

Having concluded that wrong-forum tolling is available to Williams, we leave to the District Court to determine whether the equitable tolling principles support tolling in this case.[5] See Williams, 70 F.4th at 651 ("[T]he application of equitable tolling is normally a matter reserved to the sound discretion of the district court[.]").

### III

For the foregoing reasons, we will vacate the District Court's order and remand for the Court to consider, in light of the availability of wrong-forum tolling, whether equitable tolling is appropriate.

---

[5] In evaluating equitable tolling, the District Court may consider whether: (1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action. Island Insteel, 296 F.3d at 218.